UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**PAULA GRAY,**                           )
                                          )
       **Plaintiff,**                     )
                                          )
  **v.**                                  )   **Civil Action No. 09-1806 (GK)**
                                          )
                                          )
**D.C. PUBLIC SCHOOLS, et al.**           )
                                          )
       **Defendants.**                    )
_____)

### MEMORANDUM OPINION

Plaintiff, Paula Gray ("Plaintiff"), brings this action against Defendants, D.C. Public Schools ("DCPS") and D.C. Government (collectively, "Defendants"), under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 et seq. Plaintiff asserts that Defendants failed to pay attorney's fees available under the IDEA after she prevailed in a due process hearing involving benefits to which her child, a student in the DCPS, was entitled under the Act.

This matter is now before the Court on Plaintiff's Motion to Remand[1] [Dkt. No. 6], Plaintiff's Motion for Leave to Amend the

---

[1] Although it is not captioned as such, Plaintiff clarified in later filings that she intended the "Plaintiff's Opposition to Defendants' Notice of Removal" to be a Motion to Remand. Pl.'s Mem. of P. & A. in Resp. to Defs.' Opp'n to Pl.'s Mot. to Remand at 2 [Dkt. No. 6]. The Court accepts Plaintiff's renaming of her Motion (which will be referred to in this opinion as a "Motion to Remand"), and will rule on it. See Leitner v. United States, Civ. No. 09-2342, 2010 WL 151985 at *2 (D.D.C.

Complaint [Dkt. No. 12] and Defendants' Motion to Dismiss and/or for More Definite Statement [Dkt. No. 2]. Upon consideration of the Motions, Oppositions, Replies, the entire record herein, and for the reasons stated below, Plaintiff's Motion for Remand is **denied**, Plaintiff's Motion for Leave to Amend the Complaint is **granted**, and Defendants' Motion to Dismiss and/or for More Definite Statement is **denied**.

## I. BACKGROUND

### A. Factual Background

Plaintiff's minor child is enrolled in the DCPS. Plaintiff asserted that Defendants failed to provide Free and Appropriate Public Education ("FAPE") for her child, as required under the IDEA. Compl. [Dkt. No. 1-2]. Parties participated in a due process hearing. On February 16, 2009, the Hearing Officer Determination ("HOD") in Plaintiff's due process hearing was issued, granting Plaintiff the relief she sought. Am. Compl. at ¶ 9 [Dkt. No. 12-2]. Following the HOD, the Law Offices of Christopher N. Anwah sent an invoice to Defendants for attorney's fees, on Plaintiff's behalf. Id. at ¶ 4.

---

Jan. 18, 2010)(accepting plaintiff's "Objection to Notice of Removal" as a Motion to Remand).

-2-

**B.     Procedural Background**

On August 20, 2009, Plaintiff filed a complaint in the Superior Court for the District of Columbia for nonpayment of attorney's fees. Compl. [Dkt. No. 1-2]. Defendants removed the matter to this Court on September 18, 2009. Not. of Removal [Dkt. No. 1]. Defendants also filed a Motion to Dismiss and/or for More Definite Statement on September 25, 2009, arguing that the Complaint failed to state a claim upon which relief could be granted. Defs.' Mot. to Dismiss and/or for More Definite Statement at ¶ 1 ("Mot. to Dismiss")[Dkt. No. 2]. Instead of responding to the Motion to Dismiss, Plaintiff first sought to oppose removal, filing a Motion to Remand on October 1, 2009. [Dkt. No. 3]. After the parties fully briefed the remand issue, Plaintiff filed a Motion for Leave to Amend the Complaint on January 19, 2010. [Dkt. No. 12]. The parties have also fully briefed the request to amend the Complaint. Plaintiff has not yet formally responded to Defendants' Motion to Dismiss, but, for reasons that will be discussed below, the Amended Complaint renders the Motion to Dismiss moot.

**I.     STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ][his or

her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint will not suffice, however, if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) (citing Twombly, 550 U.S. at 557).

Under the Twombly standard, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiffs' success . . . must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008)(internal quotation marks and citations omitted).

**III. ANALYSIS**

    **A. Remand Is Not Appropriate Because the Removing Party Has Demonstrated that Removal Was Proper**

To determine whether remand is appropriate, the Court must consider whether it has subject matter jurisdiction over the case to support removal. See Republic of Venezuela v. Philip Morris Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. §

1447(c) for the proposition that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case."). Removal is permitted for "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The removing party bears the burden of showing that federal subject matter jurisdiction exists. See Your Girl Friday, LLC v. MGF Holdings, Inc., Civ. No. 06-0385, 2006 WL 1028959, at *2 (D.D.C. Apr. 18, 2006). Any ambiguities regarding the existence of removal jurisdiction must be resolved in favor of remand. Id.; Nwachukwu v. Karl, 223 F. Supp. 2d 60, 66 (D.D.C. 2002).

### 1. Federal Subject Matter Jurisdiction Exists Because Plaintiff's Claim Was Brought Under a Federal Statute

This Court has original, federal question subject matter jurisdiction over claims arising under federal statutes. 28 U.S.C. § 1331. Our Court of Appeals has stated that "[i]f a plaintiff purports to assert a federal claim, the district court has federal question jurisdiction unless the claim is 'immaterial . . . made solely for the purpose of obtaining jurisdiction or . . . wholly insubstantial and frivolous.'" Herero People's Reparations Corp. v. Deutsche Bank, A.G., 370 F.3d 1192, 1194

(D.C. Cir. 2004) (quoting <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946)); <u>see</u> <u>Leitner</u>, 2009 WL 151985, at *3.  The IDEA is a federal statute which expressly creates a cause of action for attorney's fees, providing that "[t]he district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy." 20 U.S.C. § 1415(i)(3)(A).

Plaintiff makes a claim under the IDEA, citing the statute's provision "mandating payment" in her original Complaint.  In her Amended Complaint, Plaintiff specifies that "[t]he jurisdiction of the court is based upon . . . § 1415(i)(3)."  Am. Compl. at ¶ 1.  Because Plaintiff makes a claim under the IDEA, a federal statute, this Court has subject matter jurisdiction over the claim, and removal on this basis was appropriate.

## 2. Concurrent State Court Jurisdiction Does Not Destroy Federal Subject Matter Jurisdiction.

Plaintiff argues that because Defendants also violated the law of the District of Columbia, the District of Columbia Superior Court has concurrent jurisdiction, and that remand should be granted because the Superior Court could decide her claim.  Pl.'s Mot. to Remand at ¶ 5.  As other courts have recognized, "the fact that the IDEA provides the plaintiff with the choice of state or federal court does not preclude the

removal of the resulting action to federal court." Ullmo v. Gilmour Acad., 273 F.3d 671, 680 (6th Cir. 2001); see also Dorsey v. City of Detroit, 858 F.2d 338, 341 (6th Cir. 1988) (finding that "[t]he weight of judicial authority supports the conclusion that a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.").

Plaintiff claims attorney's fees under both the IDEA and a local municipal regulation, 5 D.C. Mun. Regs. tit. 5-E, § 3032 et seq. Compl.; Am. Compl. at ¶ 1. The local law, however, merely provides a cause of action in the state court for claiming attorney's fees under the IDEA. D.C. Mun. Regs. tit. 5-E, § 3032.4. Thus, Plaintiff's case turns on the resolution of one issue, the amount of attorney's fees to which she is entitled under the IDEA. Although the claim could have remained in state court, concurrent jurisdiction does not destroy this Court's jurisdiction over Plaintiff's claim, and does not render removal improper.

### 3. Plaintiff's Claim Does Not Sound in Contract

Plaintiff also argues that her claim is actually a breach of contract claim, which does not involve a federal question and which therefore requires that the case be remanded. Pl.'s Mot. to Remand at ¶¶ 3, 5. Other district courts in this circuit have rejected this argument and ruled that claims for attorney's fees

-7-

brought pursuant to the IDEA are federal claims, not contract claims. See, e.g., Elliot v. D.C. Pub. Sch., Civ. No. 09-1802, 2009 WL 4546618 (D.D.C. Dec. 2, 2009); Kirksey v. D.C. Pub. Sch., Civ. No. 09-1786, 2009 WL 4546629 (D.D.C. Dec. 2, 2009); Morgan v. D.C. Pub. Sch., Civ. No. 09-1803, 2009 WL 4546624 (D.D.C. Dec. 2, 2009); Walker v. D.C. Pub. Sch., Civ. No. 09-1795, 2009 WL 4546615 (D.D.C. Dec. 2, 2009).  This Court agrees that the relief Plaintiff seeks is provided by federal statute, over which this Court clearly has jurisdiction.

To support her argument that her claim sounds in contract, Plaintiff cites Bowman v. District of Columbia, Civ. No. 05-01933, 2006 WL 2221703 (D.D.C. Aug. 2, 2006).  It is difficult to understand why Plaintiff relies on Bowman.  Not only did Bowman refuse to extend federal jurisdiction to a contract issue related to the IDEA, the case is inapposite because it concerned a settlement agreement entered into by the parties, which is not the situation in this case.

Plaintiff does not contend that she has entered into a settlement agreement with Defendants.  Defendants did tender partial payment on other, similar claims for fees, and also tendered partial payment to Plaintiff after she submitted a payment voucher in this case.  Pl.'s Mot. to Remand at ¶ 5, Pl.'s Reply at ¶ 6.  However, such payments do not present a breach of

contract issue, and submission of a payment voucher is not equivalent to a settlement agreement.[2]

### 4. Plaintiff's Argument Regarding the Blackman-Jones Consent Decree Does Not Support Remand.

The Blackman-Jones Consent Decree applies to two classes of plaintiffs. The class to which Plaintiff claims membership consists of persons whose HODs or settlement agreements have not been timely implemented. Blackman-Jones Consent Decree ("Decree") at 10, Civ. No. 97-1629 [Dkt. No. 1762-4]. However, Plaintiff has not indicated that she has entered into any settlement agreement with Defendants, or that any provision of her HOD has not been implemented in a timely fashion. Therefore, the Decree does not govern Plaintiff's claim for attorney's fees in this case.

Furthermore, the Decree provides that the federal district court shall monitor and enforce the Decree. The text explicitly

---

[2] If, in the alternative, the Court were to treat Plaintiff as having made a breach of contract claim in addition to her IDEA claim, this claim would still not render remand improper. Where "a separate and independent claim or cause of action . . . is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c). The Court would still have jurisdiction to resolve the claim, and should do so, since the central question remains the amount Plaintiff is owed under the IDEA.

states that the federal court shall retain jurisdiction. Decree at 57. Thus, remand to the local court would be inappropriate, even if the Decree governed Plaintiff's claim.

> **B. Plaintiff May Amend the Complaint Because It Is In the Interest Of Justice and Will Not Unduly Prejudice Defendants.**

Under Fed. R. Civ. P. 15(a), "a party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) [or] (e)." Fed. R. Civ. P. 15(a)(1).[3] Thereafter, a party must obtain leave from the court or written consent from the adverse party. Fed. R. Civ. P. 15(a)(2).

Plaintiff sought to amend her Complaint more than 21 days after service of Defendants' Motion to Dismiss. Defendants refused to consent to the filing of an amended Complaint. Therefore, Plaintiff now seeks leave from the Court. Mem. Pl.'s Mot. for Am. Compl. at ¶ 3 [Dkt. No. 12-1].

The district court has discretion to grant or deny leave. <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "When a party requests leave from the court . . . the leave

---

[3] Rule 15 is quoted as amended, effective December 1, 2009. Prior to the amendment, the rule permitted a party to amend its pleading once as matter of course at any time before a responsive pleading was served. A Motion to Dismiss was not considered a responsive pleading for purposes of amending the complaint. <u>Boyd v. District of Columbia</u>, 465 F. Supp. 2d 1, 3 (D.D.C. 2006).

sought should . . . be freely given" in the absence of factors including "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); Atchinson v. District of Columbia, 73 F.3d 418, 425-26 (D.C. Cir. 1996); Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1083-85 (D.C. Cir. 1998).

None of these factors are present in this case. Defendants do not claim that the Amended Complaint demonstrates bad faith or dilatory motive or that the amendment is futile, and the Amendment submitted by Plaintiff is her first attempt to cure the deficiencies of the original Complaint. Mot. to Am. Compl.

Defendants contend that granting the amendment will cause them undue delay and prejudice. Defs.' Opp'n. to Pl.'s Mot. to Amend Compl. at ¶ 10. [Dkt. No. 13]. They argue that the 21-day limit contained in the recently amended Rule 15(a) adds a new factor to those that the courts must consider in deciding motions to amend. They argue that because Plaintiff's request to amend occurred after the 21-day window had closed, undue delay will result if Plaintiff's Motion is granted. Defs.' Opp'n at ¶¶ 7-8.

Defendants misinterpret the new wording of the rule. Plaintiff has, as Defendants point out, exceeded the 21-day limit

for amending the Complaint as a matter of course under Rule 15(a)(1). However, this does not preclude amendment. Plaintiff's Motion falls under Rule 15(a)(2), which imposes no time limit and instead leaves the decision whether to permit an amendment to the discretion of the court. Fed. R. Civ. P. 15(a)(2) provides that subsection (a)(2) applies "[i]n all other cases," except amendments by right under subsection (a)(1). Thus, the Court need not consider the 21-day time limit as a factor in determining whether to grant Plaintiff's Motion. Furthermore, "a court should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend." Bancoult v. McNamara, 214 F.R.D. 5, 8 (D.D.C. 2003)(citing Atchinson, 73 F.3d at 426).

Our Court of Appeals has permitted an amendment requested two years after the complaint was filed, and explained that "[w]here an amendment would do no more than clarify legal theories or make technical corrections, we have consistently held that delay, without a showing of prejudice, is not a sufficient ground for denying the motion." Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999). Plaintiff's Motion, submitted five months after the initial Complaint was filed, which seeks to add only clarifications and details requested by Defendants in their Motion to Dismiss and to increase the requested amount of fees in

-12-

light of removal, does not create undue delay or undue prejudice to Defendants.

### C. Plaintiff's Amended Complaint Renders Defendants' Motion To Dismiss Moot.

When a plaintiff amends her complaint, it renders a motion to dismiss that complaint moot. Wultz v. Rep. of Iran, Civ. No. 08-1460, 2009 WL 4981537 (D.D.C. Dec. 14, 2009) (citing Myvett v. Williams, 638 F. Supp. 2d 59, 62 n.1 (D.D.C. 2009) (ruling that "[b]ecause the plaintiff filed an amended complaint after the defendants moved to dismiss the original complaint, the court denies as moot the defendants' motion to dismiss the original complaint."); P & V Enterprises v. U.S. Army Corps of Engineers, 466 F. Supp. 2d 134, 135 n.1 (D.D.C. 2006); Bancoult v. McNamara, 214 F.R.D. 5, 13 (D.D.C. 2003).  Because the Court is granting Plaintiff's request to amend her Complaint, the court need not reach the substance of Defendants' Motion to Dismiss.  Therefore, the Motion is **denied** as moot, as is the alternative Motion for a More Definite Statement.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is **denied,** Plaintiff's Motion for Leave to Amend the Complaint is

**granted**, and Defendants' Motion to Dismiss and/or for More Definite Statement is **denied**.

                                                  /s/

February 25, 2010                          Gladys Kessler
                                                    United States District Judge

**Copies to:** attorneys on record via ECF