# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **PAULA GRAY,** | : |  |
| Plaintiff, | : |  |
| v. | : | Civil Action No. 09-1806 (GK) |
| **DISTRICT OF COLUMBIA, et al.,** | : |  |
| Defendants. | : |  |

## MEMORANDUM OPINION

Plaintiff Paula Gray seeks to collect attorneys' fees and other costs incurred in bringing a successful administrative action under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. Defendants are the Government of the District of Columbia and the District of Columbia Public Schools ("DCPS"). This matter is before the Court on Plaintiff's Motion for Summary Judgment. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Plaintiff's Motion for Summary Judgment is **denied**.

## I.  BACKGROUND[1]

Plaintiff is the parent of a student enrolled at a DCPS school. Am. Compl. ¶ 2 [Dkt. No. 17]; Answer ¶ 2 [Dkt. No. 19]. On November 12, 2008, Plaintiff filed a Due Process Complaint alleging

---

[1] Unless otherwise noted, the facts set forth herein are drawn from the Parties' Statements of Material Facts Not in Dispute submitted pursuant to Local Rule 7(h).

that DCPS had denied her child a Free and Appropriate Public Education ("FAPE"). Am. Compl. ¶¶ 4, 9; Answer ¶ 9; Defs.' Opp'n 19. On February 16, 2009, the Hearing Officer assigned to Plaintiff's case issued a decision in favor of the Plaintiff.[2] Am. Compl. ¶ 9; Answer ¶ 9.

After the Hearing Officer issued the decision, Plaintiff submitted a petition for attorneys' fees and costs to Defendants, seeking $8,240.60. Defendants reimbursed Plaintiff in the amount of $2,357.80, resulting in a difference of $5,882.80 between what Plaintiff believes she is owed for the total of attorneys' fees and costs relating to her petition and what Defendants have paid.[3]

On August 20, 2009, Plaintiff filed a complaint in the Superior Court for the District of Columbia seeking the outstanding balance on her fee petition. Compl. [Dkt. No. 1-2]. On September 18, 2009, Defendants removed the matter to this Court. Notice of Removal [Dkt. No. 1]. On September 25, 2009, Defendants filed a Motion to Dismiss and/or for More Definite Statement [Dkt. No. 2]. Instead of responding to the Motion to Dismiss, Plaintiff first

---

[2] Plaintiff did not file the Hearing Officer's Decision with this Court, nor did she submit any information about the substance of her Due Process Hearing in any other filed document, including the Complaint, Material Facts Not in Dispute, and Declaration of Samuel G. Adewusi.

[3] Plaintiff repeatedly refers to the amount outstanding as $5,186.00. Pl.'s Statement of Facts ¶ 10; Pl.'s Mot. for Summ J. 15. Presumably, her figure is simply a calculation error. See Defs.' Opp'n Ex. A., at 1.

sought to oppose removal, filing a Motion to Remand on October 1, 2009 [Dkt. No. 3]. After the parties fully briefed the remand issue, Plaintiff filed a Motion for Leave to Amend the Complaint on January 19, 2010 [Dkt. No. 12]. On February 25, 2010, the Court denied Plaintiff's Motion for Remand and Defendants' Motion to Dismiss, and granted Plaintiff's Motion for Leave to Amend. On February 25, 2010, Plaintiff filed her Amended Complaint. On March 1, 2010, Defendants filed their Answer.

On April 28, 2010, Plaintiff filed the Motion for Summary Judgment now before the Court [Dkt. No. 22]. On June 1, 2010, Defendants filed their Opposition [Dkt. No. 23]. On June 29, 2010, Plaintiff filed her Reply [Dkt. No. 24].

## II.  GOVERNING STANDARDS

Summary judgment may be granted "only if" the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c), as amended December 1, 2007; Arrington v. United States, 473 F.3d 329, 333 (D.C. Cir. 2006). In other words, the moving party must satisfy two requirements: first, demonstrate that there is no "genuine" factual dispute and, second, that if there is, that it is "material" to the case. "A dispute over a material fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Arrington, 473

F.3d at 333, quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the case under the substantive governing law. Liberty Lobby, 477 U.S. at 248.

Section 1415(i)(3)(B) of the IDEA gives federal district courts the authority to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party" in an administrative proceeding. 20 U.S.C. § 1415(i)(3)(B).[4] Where the party seeking the attorneys' fees was the prevailing party, the court must assess whether the fees sought are reasonable. See Jackson v. District of Columbia, 696 F. Supp. 2d 97, 101 (D.D.C. 2010). Generally, a "reasonable" attorneys' fee is based on the reasonable number of hours expended multiplied by a reasonable hourly rate. See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1324 (D.C. Cir. 1982); Cobell v. Norton, 231 F. Supp. 2d 295, 300 (D.D.C. 2002); Blackman v. District of Columbia, 59 F. Supp. 2d 37, 42 (D.D.C. 1999) (citing to Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

The plaintiff bears the burden of demonstrating that both the hourly rate and the number of hours spent on particular tasks are reasonable. In re North, 59 F.3d 184, 189 (D.C. Cir. 1995);

---

[4] Defendants concede that Plaintiff is the "prevailing party" for the purposes of § 1415(i)(3)(B) and as such is entitled to an award of "reasonable attorneys' fees" under the statute. See Defs.' Opp'n 1.

Jackson, 696 F. Supp. 2d at 101; Holbrook v. District of Columbia, 305 F. Supp. 2d 41, 45 (D.D.C. 2004). In order to show the reasonableness of the hourly rates, "the plaintiff must submit evidence on at least three fronts: 'the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community.'" Jackson, 696 F. Supp. 2d at 101 (quoting Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995)). The plaintiff may satisfy the burden of demonstrating the reasonableness of hours spent "by submitting an invoice that is sufficiently detailed to 'permit the District Court to make an independent determination whether or not the hours claimed are justified.'" Holbrook, 305 F. Supp. 2d at 45 (quoting Nat'l Ass'n of Concerned Veterans, 675 F.2d at 1327).

**III. ANALYSIS**

The total amount in dispute between the parties is $5,882.80. Plaintiff's papers seeking these funds are woefully deficient. Most significantly, Plaintiff's fee petition lacks sufficient detail, failing to even identify which attorney, or non-attorney, performed each activity for which fees are claimed.[5] Plaintiff's opening

---

[5] Plaintiff argues that DCPS's own "Guidelines for the Payment of Attorney Fees in IDEA Matters" ("DCPS Guidelines" or "Guidelines") only require that names be listed at the very end of an invoice, and not within individual entries. Pl.'s Reply 3-4. Plaintiff is wrong. Just because the Guidelines require an invoice to contain a list of total number of hours owed for each attorney, does not mean that an attorney, for whom fees are sought, should not specify what work he or she actually performed. See Defs.'
(continued...)

submissions, contrary to the practice followed by virtually all attorneys seeking fees, contained no affidavit or declaration with which the Court could assess her attorneys' qualifications, including their schooling, experience, bar memberships, written articles, CLE, etc. Only after Defendants filed a detailed Opposition did Plaintiff think to submit a declaration.

In addition to the fundamental inadequacy of her records, Plaintiff's briefs are extremely poorly written, and have numerous mistakes in grammar, word use, and case citations.[6] Finally,

---

[5](...continued)
Opp'n Ex. B, at 2. Moreover, the Guidelines contain examples of billing entries which attorneys might use if they are unsure of how to properly submit a bill. Id. These sample entries contain a space for each attorney's name next to each activity. Id. Hence, the Guidelines clearly anticipate that fee petitions will include the name of the person performing each activity.

Of course, quite apart from the requirements of DCPS' Guidelines, Plaintiff should have submitted an invoice that is sufficiently detailed to "permit the District Court to make an independent determination whether or not the hours claimed are justified." Id. (internal quotations omitted). A petition which fails to specify which attorneys undertook which activities does not pass muster.

Plaintiff also claims that the Guidelines expressly permit the payment of fees for educational advocates employed by a law firm. Pl.'s reply 4. The crystal clear language of the Guidelines only permits payment for "advocates hired for the purposes of providing testimony." Defs.' Opp'n Ex. B, at 4 (emphasis added). Plaintiff has not indicated that any of the educational advocates were hired for this purpose.

[6] For example, in several instances, Plaintiff uses an "id." citation with either a clearly erroneous previous citation or no previous citation at all. See, e.g., Pl.'s Mot. for Summ. J. 3, 4, 11 n. 8.

-6-

Plaintiff resorts to totally inappropriate, inflamatory language. Pl.'s Reply 8 (calling the DCPS Guidelines "slave labor rates").

In short, Plaintiff's papers are disturbingly unprofessional. Plaintiff has failed to carry her burden of demonstrating that the hourly rate and the number of hours spent on particular tasks are reasonable by submitting a sufficiently detailed invoice. <u>In re North</u>, 59 F.3d at 189; <u>Holbrook</u>, 305 F. Supp. 2d at 45. Had Plaintiff submitted such inadequate papers before the District of Columbia paid her counsel based on its own Guidelines' rates, the Court would have summarily rejected her request. However, the District of Columbia did pay $2,357.80 in fees to Plaintiff by applying its existing Guidelines. Given the inadequacies of Plaintiff's submissions, the Court will not award fees at a higher hourly rate than what the District of Columbia has already paid.

Although the Court will not approve any fee higher than the Defendants' Guidelines, it will address the objections Defendants have raised to Plaintiff's claimed fees. First, Defendants claim that Plaintiff's counsel's hourly rates are unreasonable. Defs.' Opp'n 4-17. Second, Defendants argue that specific charges are unreasonable. <u>Id.</u> at 17-23. Third, Defendants argue that a statutory fee cap limits Plaintiff's total recovery of attorneys' fees to $4,000.00. <u>Id.</u> at 22-23.

**A.    Hourly Rates**

**1.    Applicability of the DCPS Guidelines**

Initially, Plaintiff's papers are internally inconsistent as to whether she wishes to accept the DCPS Guidelines as evidence of prevailing market rates or not. In her Motion, she first states that her "bills employ the hourly rate specified by the Defendant DCPS' fee schedule" and "urges the Court to apply the hourly rate that Plaintiff uses to compute her bills, because Plaintiff's bills employ the same hourly rate based on the Defendants' fee schedule." Id. at 8. Plaintiff takes a totally contrary position in her Reply, criticizing the DCPS fee schedule, claiming that "[i]f the DCPS guidelines is [sic] enforced as requested by the Defendants, the Courts will be compelling attorneys performing special education laws to work at <u>slave labor rates</u>." Pl.'s Reply 8 (emphasis added).[7] Defendants, of course, agree that the DCPS Attorney Fee Guidelines should set the rates for Plaintiff's lawyers. Defs.' Opp'n 7-8.

Although there have been instances where this Court has reimbursed attorneys at the higher <u>Laffey</u> matrix rates, none of the reasons relied on in those cases would justify allowing higher rates than the DCPS Guidelines rates in this case. See <u>Bucher v.</u>

---

[7] Plaintiff goes on to argue, citing a September 29, 2006, article on Law.com, that because a particular attorney in the Washington Metropolitan area charged an hourly rate of $1,000, her proposed rates, which are less than $1000/hour, must be reasonable. Id. The logic of this argument is hard to discern.

District of Columbia, ___ F. Supp. 2d ___, Civ. No. 09-1874, 2011 WL 135676, at *3-5 (D.D.C. April 11, 2011); Cox v. District of Columbia, ___ F. Supp. 2d ___, Civ. No. 09-1720, 2010 WL 5018149, at *7-9 (D.D.C. December 9, 2010).

The rates contained in the DCPS Guidelines are particularly appropriate in the specific circumstances of this case. First, despite contrary arguments she raised for the first time in her Reply, Plaintiff has conceded the appropriateness of the DCPS Guidelines in her opening Motion. Second, Plaintiff submitted no evidence whatsoever concerning the complexity, length, or difficulty of the Due Process Hearing. See Bucher, 2011 WL 1356761, at *5; Cox, 2010 WL 5018149, at *9. Without any evidence of the complexity of the administrative process, the Court cannot make the appropriate independent ruling as to whether or not the hours claimed are justified. See also Covington, 57 F.3d at 1103 (describing the Laffey Matrix as evidence of "prevailing market rates for comparably experienced attorneys handling complex federal litigation.").

### 2. Applicable Rates for Plaintiff's Attorneys

Although Defendants agree that Plaintiff's fees should be governed by the DCPS Guidelines, Defendants argue that "Plaintiff has improperly applied the DPCS Attorney Fee scale." Defs.' Opp'n 8. The proper application of the Guidelines for each attorney and paralegal will be discussed in turn.

### a. Fatmata Barrie

Plaintiff seeks an hourly rate of $300 for Fatmata Barrie, who was admitted to the bar on February 6, 2004. Pl.'s Mot. for Summ. J. 6; Adewusi Decl. ¶ 1 [Dkt. No. 24-2]. During the relevant time period, Ms. Barrie had been admitted to the bar for less than five years. The maximum hourly rate the DCPS Guidelines allow for an attorney of Ms. Barrie's experience is $170. Defs.' Opp'n Ex. B, at 3. Indeed, Plaintiff's requested rate for Ms. Barrie even exceeds the relevant Laffey rate of $270/hour.[8] Plaintiff offers no justification for not following the Guidelines. Defendants properly reimbursed Plaintiff for Ms. Barrie's work at an hourly rate of $170.

### b. Annie Pressley

Plaintiff seeks an hourly rate of $200 for Annie Pressley. Pl.'s Mot. for Summ. J. 6. Although Ms. Pressley did graduate from law school, it appears from Mr. Adewusi's Declaration that Ms. Pressley has never been admitted to the bar. Adewusi Decl. ¶ 2. Needless to say, it is highly inappropriate to charge the rate of an attorney admitted to the bar for at least five years, as specified by the DCPS Guidelines, for the work of a non-attorney. Defs.' Opp'n Ex. B, at 3. Defendants properly reimbursed Plaintiff

---

[8] Available at http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.html.

for Ms. Pressley's work at the hourly paralegal or law clerk rate of $90.

### c. Samar Malik

Plaintiff seeks an hourly rate of $200 for Samar Malik. Pl.'s Mot. for Summ. J. 6. Like Ms. Pressley, Ms. Malik did graduate from law school, but has never been admitted to the bar.[9] Adewusi Decl. ¶ 3. Defendants again argue that Ms. Malik's work should be reimbursed at the hourly paralegal or law clerk rate of $90 or, if Plaintiff does show that "she is a member of the D.C. Bar or authorized to practice in the District of Columbia," at an hourly rate of $150. Defs.' Opp'n 12. Plaintiff has made no such showing. See Adewusi Decl. ¶ 3. Therefore, Defendants properly reimbursed Plaintiff for Ms. Pressley's work at the hourly paralegal or law clerk rate of $90.

### d. Mireya Amaya

Defendants do not contest Plaintiff's claimed hourly rate of $85 for Mireya Amaya. Defs.' Opp'n 12. Therefore, Defendants properly reimbursed Plaintiff for Ms. Amaya's work at the hourly rate of $85.

### e. Georgina Oladokun

Plaintiff seeks an hourly rate of $250 for Georgina Oladokun, who was admitted to the bar on January 1, 2007. Pl.'s Mot. for

---

[9] Ms. Malik's and Ms. Pressley's names do not appear in the searchable database of attorneys admitted to the DC Bar, available at http://www.dcbar.org/find_a_member/index.cfm.

-11-

Summ. J. 6; Adewusi Decl. ¶ 5. During the relevant time period, Ms. Oladokun had been admitted to the bar for less than five years. For the reasons given above, Defendants properly reimbursed Plaintiff for Ms. Oladokun's work at the relevant hourly rate of $170 under the DCPS Guidelines.

### f.  LaDonna Rogers

Plaintiff seeks an hourly rate of $250 for LaDonna Rogers, who was admitted to the bar on July 10, 2000. Pl.'s Mot. for Summ. J. 6; Adewusi Decl. ¶ 6. During the relevant time period, Ms. Rogers had been admitted to the bar for seven to eight years. The maximum rate the DCPS Guidelines allows for an attorney of Ms. Rogers's experience is $225. Defs.' Opp'n Ex. B, at 3. However, for the reasons given above, and particularly because Plaintiff's papers lack sufficient detail, Defendants properly reimbursed Plaintiff for Ms. Rogers's work at the hourly rate of $170.

### g.  Matt Mixon

Plaintiff seeks an hourly rate of $250 for Matt Mixon, who was admitted to the bar on October 13, 2006. Pl.'s Mot. for Summ. J. 6; Adewusi Decl. ¶ 7. During the relevant time period, Mr. Mixon had been admitted to the bar for less than five years. For the reasons given above, Defendants properly reimbursed Plaintiff for Mr. Mixon's work at the relevant hourly rate of $170 under the DCPS Guidelines.

### h. Christopher N. Anwah

Plaintiff's papers are confusing as to why Christopher N. Anwah is mentioned at all. Plaintiff has included Mr. Anwah's name and credentials, as if seeking fees for him, but her fee request includes no entries relating to him. See Pl.'s Mot. for Summ. J. 8; Adewusi Decl. ¶ 8. Consequently, Christopher N. Anwah and his hourly rates are simply irrelevant to this litigation.

### B. Specific Charges

Defendants make four challenges to the reasonableness of specific charges. Defendants claim that (1) certain clerical and non-professional work should not be compensated at an attorney's rate, (2) charges for legal work performed far in advance of the administrative hearing are not compensable, (3) certain of Plaintiff's entries are too vague to merit compensation, and (4) certain of Plaintiff's entries are duplicates. See Defs.' Opp'n 17-21. Each will be considered individually.

#### 1. "Clerical" and "Paralegal" Activities

Defendants object to the attempt by Plaintiff's counsel to charge attorney rates for "various tasks that are clerical functions not legal ones." Defs.' Opp'n 18. Defendants identify eight entries as "clerical/administrative" or "non-professional." Defs.' Opp'n Ex. B, at 3. For seven of these entries, which include updating files and discussing the case with colleagues, Defendants fail to provide a convincing explanation for why the relevant

-13-

activities should be considered clerical. Defs.' Opp'n 18. Defendants' criticisms are of the "nit-picking" variety which this Circuit has warned against. See Nat'l Ass'n of Concerned Veterans, 675 F.2d at 1337-38 (Tamm, J., concurring) ("Neither broadly based, ill-aimed attacks, nor nit-picking claims by the Government should be countenanced.").

As to one entry, Defendants note that Plaintiff seeks reimbursement at an attorney's rate for a quarter-hour spent faxing a complaint. Defs.' Opp'n 18. Because this task is purely clerical in nature, Plaintiff should not be reimbursed for this quarter-hour of work. Jackson v. District of Columbia, 603 F. Supp. 2d 92, 98 (D.D.C. 2009).

Moreover, as noted above, Plaintiff has not met her burden of demonstrating the reasonableness of her charges. Therefore, Defendants properly denied reimbursement of all charges designated as "clerical" or "paralegal."

### 2. Charges Relating to Activities in Advance of the Hearing

Defendants next challenge certain costs on the ground that those charges "have no temporal proximity to the 'action' or 'proceeding' on which the right to fees is based." Defs.' Opp'n 19. Defendants argue that all charges for "activities dating from March 3, 2008, to July 16, 2008, for a due process complaint filed on November 12, 2008," should be disallowed. Id. Defendants offer no reasoned defense for this cut-off.

-14-

In Lax v. District of Columbia, the court found that a year in advance of a hearing "is an entirely reasonable window of time to be engaging in productive work that will result in a favorable administrative decision" based on a showing by the plaintiff that each charge was tied to a particular hearing. Civ. No. 04-1940, 2006 WL 1980264, at *4 (D.D.C. July 12, 2006). Here, in light of the generally insufficient nature of her records, Plaintiff has not made a satisfactory showing that each charge was tied to a particular hearing.[10] In this context, Defendants properly denied reimbursement of the charges designated as too far in advance of the hearing.

### 3. "Vague" Charges

Defendants argue that entries with descriptions such as "Telecon with mother" or "Prehearing conference with mother and [redacted]" are too vague to determine whether they are reasonably related to the Due Process Complaint. Defs.' Opp'n 20; Defs.' Opp'n Ex. B, at 4.

While it is clear that an invoice "need not present the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney," Nat'l Ass'n of Concerned Veterans, 675 F.2d at 1327 (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)), Plaintiff has not

---

[10] It is worth noting that Plaintiff has not even specified the date her Due Process Hearing was held.

met her burden of demonstrating the reasonableness of her charges because of her failure to link attorneys with the work they performed. Therefore, the Defendants properly denied reimbursement of the charges designated as "vague."

### 4. "Duplicate" Entries

Finally, Defendants challenge one entry as "duplicated elsewhere in the invoice." Defs.' Opp'n 21. Plaintiff's fee petition does contain two entries for the same day with precisely the same description. Pl.'s Mot. for Summ. J. Ex. B, at 4. At the very least, Plaintiff has not satisfied her burden of demonstrating the reasonableness of this entry "by submitting an invoice that is sufficiently detailed to 'permit the District Court to make an independent determination whether or not the hours claimed are justified.'" Holbrook, 305 F. Supp. 2d at 45. Therefore, the Defendants properly denied reimbursement of the charge designated as "duplicate."

### C. Fee Cap

Plaintiff has sought a total of $8,240.60 from Defendants. For the reasons given above, Defendants properly limited this award to $2,357.80. The Court need not, therefore, address the merits of Defendants' contention that Plaintiff's fee petition is subject to a $4000 fee cap. See Defs.' Opp'n 22-23. However, the Court must note that Plaintiff's arguments on this topic exhibit the same lack of care shown elsewhere in her papers. Plaintiff makes repeated

reference to the "2007/2008 fiscal year." Pl.'s Mot. 9; Pl.'s Reply 18. There is no such thing as a "2007/2008 fiscal year"--Plaintiff's terminology is simply wrong; there is either a "2007 fiscal year" or a "2008 fiscal year," and they cover different periods of time. Moreover, Plaintiff fails to address the substance of Defendants' argument. Regardless, Plaintiff's proper reimbursement falls well below the $4000 fee cap.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment is **denied.**

April 26, 2011

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**